(110 App. Div. 585.)

### SPENCER v. STATE.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. STATES—TORTS—PERSONAL INJURIES—NEGLIGENCE OF SERVANT.

Where a bridge tender in the employ of the state was not in the performance of his regular duties at the time he performed a negligent act which resulted in injury to another, the state was not liable for his negligence.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. States, § 111.]

2. SAME—NEGLIGENCE OF VOLUNTEER.

Where the foreman of a repair gang in the employ of the state and engaged in replacing the old flooring of a bridge, silently acquiesced in the act of a stranger, who desired to remove boards for his own use, the state was liable for injuries to a third person, resulting from the negligent performance of such act by the stranger.

Parker, P. J., and Chester, J., dissenting.

Appeal from Court of Claims.

Action by Anthony Spencer against the state of New York for personal injuries resulting from negligence of defendant's servant. From a judgment for plaintiff, defendant appeals. Affirmed.

The claimant, a stonecutter, was on the 2d day of June 1905, in the employ of Carson Bros., a firm of stone contractors and dealers in the city of Rochester. At about 10 o'clock in the forenoon of that day he was sent with another stonecutter in the employ of said firm to the lift bridge over the Erie Canal at Exchange street in the city of Rochester to deepen the channels in the stone coping at the end of said bridge so that deeper rails might be laid therein for the street railroad crossing that bridge. There was in progress, at that time, at said bridge, the work of replacing the old flooring, which formed the roadway, with new. This work was being done by certain servants and agents of the state and the foreman of the gang was one Dougherty. At the commencement of said work in the morning, by the orders of Dougherty, the bridge had been lifted to its full height, which was about 15 feet above the surface of the street, and remained there suspended all day. The work which claimant and his companion were doing was on the coping on the southerly bank of the canal on the easterly of the two tracks; the bridge crossing the canal at right angles, and consequently running north and south. The old planking had, as it was torn up during the day, been carried to the southwest corner of the bridge and thrown off onto the tow path, and from there carried away. None of it had struck within 15 feet of claimant and his companion. About 3:15 o'clock in the afternoon one Patterson, who had not been there all the preceding part of the day, came on duty that being his regular "trick" as a bridge tender. As bridge tender, he was an employé of the state. The duties of bridge tenders are to operate the bridge, and to warn passers against falling into the canal when the bridge is lifted. The bridge being suspended and in process of repair, there was nothing for him to do when he came on duty. About 3:45 in the afternoon Patterson came out of his operating shanty

on the bridge for the purpose of procuring some of the old planks for kindling wood for consumption at his home. He spoke to Dougherty, the foreman, said he wanted some wood, picked up a plank from the middle of the bridge, without either the permission or refusal of Dougherty, carried it to the south end of the bridge, and threw it over. The plank fell almost perpendicularly and struck the claimant across the shoulders, hip, and back of the neck, knocked him down, striking his chin in the channel he had been cutting, thereby cutting his chin, loosening some teeth, knocking out one tooth, bruising his back, and rendering him unconscious. He incurred some physician's bill, and lost some time from his work. Patterson says he threw over two planks in all; the second of which struck claimant. The other witnesses on that question say that he threw but one, and that one hit the claimant. Patterson was not a member of the gang which was repairing the bridge, and had no duties to perform there save to raise and lower the bridge and warn travelers. Defendant offered no testimony on the question of damages, nor does it make any question as to the amount thereof.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Julius M. Mayer, Atty. Gen., and Willis H. Tennant, Deputy Atty. Gen., for the State.

Horace G. Pierce, for respondent.

SMITH, J. In Althorf v. Wolfe, 22 N. Y. 355, the headnote in part reads:

"One who directs his servant to remove snow and ice from the roof of his house is responsible for an injury received by a passenger in the street from such snow and ice, whether the negligence was that of the servant or of a stranger whom he employed, or who volunteered, to assist him."

We agree that this bridgetender was not in the performance of his regular duties at the time that he performed the negligent act which caused the injury. No liability, therefore, can be imposed upon the state by reason of that relationship. The foreman of the repair gang, however, in the employ of the state, was required to exercise due care that in the making of those repairs no damage should be caused. If one of his servants in removing the plank had thrown it upon the claimant the state would, confessedly, have been liable. Under the authority cited, if a stranger had been asked to assist in removing the plank, and through his negligent act the injury had been caused, the state would have been liable. The act of the bridgetender, though for his own purposes, was in aid of the work which the foreman was there to direct. His act was with the acquiescence of the foreman, whose duty it was to see that those planks were removed with reasonable care. In our judgment, his work should have been directed by the foreman with equal care as the work of those servants, who were employed to work under him, and that for his negligence, while he was thus removing the plank with the acquiescence of the foreman in the employ of the state, the state is itself liable.

The judgment should therefore be affirmed, with costs.

Judgment affirmed with costs. All concur, except PARKER, P. J., and CHESTER, J., who dissent.